**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DEREK BETHEA, | : | |
| | : | Civil Action No. 12-2357 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| MR. CHRISTOPHER HOLMES, | : | |
| et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Derek Bethea
South Woods State Prison
Bridgeton, NJ 08302

**SIMANDLE**, Chief Judge

    Petitioner Derek Bethea, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in 2001 on various charges of swindling and cheating on games of chance.

    On April 26, 2012, this Court entered its Notice and Order [2] advising Petitioner of the effects of filing such a Petition. In addition, upon further review of the Petition, certain additional issues have become apparent, which must be addressed.

    <u>Custody</u>

    This is the second petition for writ of habeas corpus that Petitioner has filed with respect to these convictions.  In the first, he challenged only the calculation of his release date.

See Bethea v. Brown, Civil No. 04-1492 (D.N.J.).[1]  The previous
Petition was deemed withdrawn by an Order [7] entered December
22, 2005, after it became apparent that Petitioner had been
released from prison on these convictions.  The copies of the
Judgments of Conviction attached to this Petition do not suggest
that Petitioner was sentenced to be under any continuing
supervision after his release from prison.  Accordingly, it is
not clear that Petitioner is presently "in custody" under the
challenged convictions.

　　Grounds for Relief

　　In addition, although the Petition is accompanied by dozens
of pages of exhibits, including copies of various state court
briefs and opinions and summaries of allegedly supportive case
law, Petitioner fails entirely to answer Question 12 on the form
Petition, which requires him to clearly set forth the grounds on
which he claims that he is being held in violation of the
Constitution, law, or treaties of the United States.  Attachment
of nearly two hundred pages of exhibits is no substitute for a
clear statement of his grounds for relief.

―――――――――――――

　　[1] This Court will take judicial notice of the dockets of
other federal courts in cases related to this Petition.  See
Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah
Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)
(federal court, on a motion to dismiss, may take judicial notice
of another court's opinion, not for the truth of the facts
recited therein, but for the existence of the opinion, which is
not subject to reasonable dispute over its authenticity).

Timeliness

In addition, it appears that the Petition is not timely. Accordingly to the attachments to the Petition, Petitioner was sentenced on August 17, 2001, to three consecutive 18-month terms of imprisonment, for an aggregate sentence of 54 months. He timely appealed; the Appellate Division affirmed the convictions on May 28, 2003, and the Supreme Court of New Jersey denied certification on October 8, 2003, see State v. Bethea, 178 N.J. 30 (2003). There is no suggestion that Petitioner petitioned the United States Supreme Court for a writ of certiorari. Petitioner alleges that he filed his state petition for post-conviction relief on December 20, 2005, that the trial court denied relief on or about April 24, 2008, that he timely appealed, that the Appellate Division affirmed the denial of relief on October 21, 2010, see 2010 WL 411 6894 (N.J.Super. App.Div. Oct. 21, 2010), and that the Supreme Court of New Jersey denied certification on April 14, 2011, see State v. Bethea, 205 N.J. 519 (2011). This Petition was received on April 13, 2012. Although it is dated March 29, 2012, it is clear that it was placed into the prison mail system no earlier than April 5, 2012, as Petitioner claims in his undated cover letter that he was awaiting copying of documents provided to the law librarian on that date.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[2] which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an

---

[2] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1).  Jimenez v. Quartermain, 555 U.S. 113 (2009).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly" filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24.  More specifically, "The time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, <u>provided that</u> the filing of the notice of appeal is timely under state law."  <u>Evans v. Chavis</u>, 546 U.S. 189, 191 (2006) (finding that time between denial of post-conviction relief and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal on its merits).  However, "the time during which a state prisoner may

file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, it appears that Petitioner's conviction became final on Friday, January 16, 2004, ninety days after the Supreme Court of New Jersey denied certification on direct appeal. Petitioner did not file his state petition for post-conviction relief until December 20, 2005, more than 23 months after his conviction became final. Thus, Petitioner's state petition for post-conviction relief was filed after the expiration of the one-year federal limitations period. Petitioner has alleged no facts that would suggest a basis for either statutory or equitable tolling during that period. The filing of a state motion for post-conviction relief after the expiration of the federal limitations period cannot act to toll or resurrect the federal limitations period that has already expired, as occurred here. Accordingly, this Petition appears untimely under

7

§ 2244(d)(1)(A), and the facts do not suggest that any of the
other starting points for the one-year limitations period is
applicable here.  For all these reasons, this Petition appears to
be untimely.

     The Filing Fee

     Finally, the filing fee for a petition for writ of habeas
corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the
filing fee is required to be paid at the time the petition is
presented for filing.  Pursuant to Local Civil Rule 81.2(b),
whenever a prisoner submits a petition for writ of habeas and
seeks to proceed in forma pauperis, that petitioner must submit
(a) an affidavit setting forth information which establishes that
the petitioner is unable to pay the fees and costs of the
proceedings, and (b) a certification signed by an authorized
officer of the institution certifying (1) the amount presently on
deposit in the prisoner's prison account and, (2) the greatest
amount on deposit in the prisoners institutional account during
the six-month period prior to the date of the certification.  If
the institutional account of the petitioner exceeds $200, the
petitioner shall not be considered eligible to proceed in forma
pauperis.  Local Civil Rule 81.2(c).

     Petitioner did not prepay the $5.00 filing fee for a habeas
petition as required by Local Civil Rule 54.3(a).  Petitioner
submitted an application to proceed in forma pauperis pursuant to

8

28 U.S.C. § 1915(a)(1); however, the application was unsigned and Petitioner failed to submit the required certified institutional account information.

<u>CONCLUSION</u>

For the reasons set forth above, Petitioner's application for leave to proceed <u>in forma pauperis</u> will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed <u>in forma pauperis</u>. Any such application to re-open must be accompanied by an amended petition clearly setting forth Petitioner's alleged grounds for relief and further showing cause why the Petition should not be dismissed because Petitioner is no longer "in custody" under the challenged convictions or because the Petition is untimely.

An appropriate Order will be entered.

**s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **May 3, 2012**

9